Dear Mr. Deano:
You have requested an opinion from this office regarding the ability of the Town of Abita Springs to pay for the legal services incurred by a town official concerning an investigation conducted by the Louisiana Board of Ethics. The official successfully defended himself in the investigation.
It is the opinion of this office that when a public official or employee is exonerated of allegations or charges brought by the Board of Ethics, the public entity which employs that individual may reimburse his legal expenses incurred in connection with the defense of those allegations or charges. In accord are Attorney General Opinions 98-433 and 95-242, copies attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 95-242
July 7, 1995
90-A-1 PUBLIC FUNDS CONTRACTS
La. Const. Art. VII, Sec. 14; R.S. 13:5108.3
Since public employee was exonerated of one of two allegations under investigation by the Ethics Commission, and the Ethics Commission declined to investigate the other allegation and closed its file, Department of Wildlife and Fisheries would not be prohibited from reimbursing employee's legal fees.
Mr. Joe L. Herring, Secretary Department of Wildlife and Fisheries P.O. Box 98000 Baton Rouge, Louisiana 70898-9000
Dear Mr. Herring:
Reference is made to your request for an Attorney General's opinion regarding the propriety of the reimbursement by the Department of Wildlife and Fisheries (DWF) of an employee's attorney fees incurred by the employee in connection with a recent Ethics Commission probe involving the employment of the employee's son. Apparently, the Ethics Commission considered two separate alleged violations: (1) the employment of the son in a division (administered by the employee in question) of DWF, and (2) the employment of the son by Louisiana State University ("LSU") in a program administered by DWF.
You have provided us with a copy of a letter from the Ethics Commission (the "Letter") which indicates that the Ethics Commission, with regard to the son's employment by DWF, "believes (the] employment . . . was prohibited under Section 119 (sic] of the Code. . . ." We also note, however, that the Ethics Commission "declined to investigate the matter further." With regard to the son's employment by LSU, the Ethics Commission concluded that "no evidence was discovered indicating a violation of the Code." The Letter further indicates that the Ethics Commission's file in connection with these matters "has now been closed."
R.S. 13:5108.2 provides for the indemnification of state officers and employees for financial loss arising out of "any claim, demand, suit or judgment in any court" where the officer or employee was "acting in the discharge of his duties and within the scope of his office, employment. . . ." In accordance with R.S. 13:5108.3, the legal fees of such officers or employees, incurred in the defense of criminal matters, can only be paid from public funds if the officer or employee is acquitted or the proceedings are dismissed, and the payment is authorized by a specific act of the legislature. These provisions of law do not specifically address the reimbursement of legal fees incurred by state officers or employees in connection with Ethics Commission proceedings.
Nevertheless, this office has opined that if a public official or employee is exonerated of all allegations under investigation by the Ethics Commission, then the public entity which employs that individual may reimburse its employee for legal expenses incurred in connection with the investigation. Atty. Gen. Op. Nos. 94-369 and 94-369A.
Although your employee was exonerated of one, but not "all" allegations, the Ethics Commission's decision to decline to fully investigate the first allegation and close its file in connection therewith, is equivalent to a dismissal of the proceedings in a criminal matter. As such, we are of the opinion that the Department would not, based on the action taken by the Commission, be prohibited from reimbursing its employee for the legal fees he incurred.
We caution you, however, that it appears that your employee and his son were both before the Ethics Commission, and that they were both represented by the same attorney. Unless you can determine with certainty the amount of legal fees incurred on behalf of your employee, as opposed to those incurred for the benefit of his son, you should not reimburse any of the legal fees expended in this matter. DWF has no obligation or authority to reimburse legal expenses paid in connection with the representation of your employee's son. La. Const. Art. VII, Sec.14.
If you decide to reimburse your employee, and you can determine the amount of attorneys fees incurred strictly on behalf of your employee, then you must also determine: (1) that the hourly rate charged by the employee's counsel was reasonable (enclosed herewith is a copy of the Attorney General's Maximum Hourly Fee Schedule which may assist you in making this determination), (2) that the number of hours spent by counsel were reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary.
Your request indicates that it is your belief that this office would have to approve an itemized statement for any attorney fees you decide to reimburse. Please be advised that it would be inappropriate for you to submit such a statement to this office for approval. Although this office must approve the employment of counsel retained to represent the state and its agencies, it is beyond the purview of this office to review or approve statements for legal services incurred on behalf of individual employees.
Trusting the foregoing to be of assistance, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv